### RANSOM v. MATSON NAV. CO. et al.

No. 20581.

District Court, W. D. Washington, N. D.

April 29, 1932.

Edith Ransom, in pro. per.

Bogle, Bogle & Gates and Edward G. Dobrin, all of Seattle, Wash., for defendant Dollar S. S. Line and L. J. Lancaster.

Hayden, Merritt, Summers & Bucey and G. H. Bucey, all of Seattle, Wash., for defendant Matson Nav. Co.

Padden & Moriarty, of Seattle, Wash., for defendant Margaret Hamilton.

NETERER, District Judge.

Plaintiff seeks to recover from the Matson Navigation Company, a California corporation, the Dollar Steamship Lines, a California corporation, L. J. Lancaster, district passenger agent of the Dollar Steamship Lines, Margaret Hamilton, resident at Seattle and employed by the Travelers' Aid Society, for "wrongful and unlawful imprisonment and restraint of the plaintiff by the defendants, and assaults upon the plaintiff by the defendants, and the administering of hypnotic drugs, and the libelous slander against the plaintiff by the herein defendants * * *. The plaintiff has suffered great and excruciating pain, loss of social prestige and earning power, to the damage of her character and repu-

tation, and will continue to suffer, to her damage and loss in the amount of $500,000.00; wherefore plaintiff prays for judgment against herein defendants in the amount of $500,000.00, and have costs and disbursements herein * * *."

Each corporate defendant, it is said, maintains an office in Seattle, Wash., and each operates steamship lines: The Matson Navigation Company between the "cities of Honolulu, Yokahama, Seattle and San Francisco and various other ports"; the Dollar Steamship Lines between the "cities of Honolulu, Yokahama, Seattle and other ports." Lancaster is district passenger agent of the Dollar Steamship Lines, Seattle; Margaret Hamilton is a resident of Seattle, employed by the Travelers' Aid Society. The defendant Matson Navigation Company is the owner of the majority of the stock in Territorial Hotels Company, Limited, at Honolulu, with interlocking officers and directors, and is given as a subsidiary of the Matson Navigation Company, and is managed by said navigation company's agents; "that in the fall of 1929, through its agent and subsidiary," the hotels company engaged plaintiff as a "social hostess and publicity and society news writer," and she entered upon this employment December 31, 1929; that the contract of employment was breached at the inspiration of the Matson Navigation Company, and suit begun by the plaintiff in Honolulu for unpaid salary and damages; that while suit was pending, the Matson Navigation Company, to prevent prosecution of said action, caused plaintiff to be "kidnapped, imprisoned and forcibly removed" from that jurisdiction, on the steamship Malolo, "and shanghaied out of the city of Honolulu" and carried to Yokahama, and thence carried aboard the steamship President Taft, operated by the Dollar Steamship Lines, and was there imprisoned and guarded until that vessel sailed from the port of Yokahama bound for the port of Seattle; that on arrival at the city of Seattle, plaintiff was "by force removed from that vessel and taken to the city hospital and thence to the city jail unlawfully and wrongfully and against her will, and by force was imprisoned therein in the insane cell through the directions of the agents and representatives of the defendants, and in furtherance of the herein alleged combination, confederation and conspiracy to injure plaintiff to slander and imprison her as insane." It is then alleged that the defendants stated to newspaper men and fellow passengers and other divers persons that plaintiff was dangerously insane; that while she was "wrong-

fully, unlawfully and forcibly imprisoned on the steamships Malolo and President Taft and in the city hospital and city jail, the defendants through their agents and representatives and employees caused plaintiff to be assaulted and unlawfully and wrongfully charged her with being an insane stowaway and administered to her hypnotic drugs and hypodermic injections against her will, causing her great suffering," physically and mentally; that while she was wrongfully restrained on the steamship Malolo operated by the Matson Navigation Company, she was assaulted and beaten by nurses, and she was assaulted and had her hair pulled by another, an officer of the Malolo, "pummelled" and assaulted by other divers persons on board the Malolo, who administered hypodermic needles in the arm of the plaintiff and forced her to drink opiates and other hypnotic drugs to induce unconsciousness; that while on the steamship of the Dollar Steamship Lines she was "brutally thrown to the floor by a number of Chinese stewards * . * * and forcibly held in bed by stewardess * * * who continually administered to plaintiff Roche's Elixor of Alurate, a hypnotic drug to induce unconsciousness," and passengers were told that she was insane; that she was not allowed to mingle with other passengers, which was done solely for the purpose of restraining plaintiff of her freedom; that upon arrival of the steamship at Seattle, plaintiff was prevented from going ashore with other passengers; that she was wrongfully held by defendants, through their agent Lancaster, who caused plaintiff to be delivered into the custody of Margaret Hamilton of the Travelers' Aid Society; that "Lancaster and Hamilton did publish and cause to be published in the daily newspapers of the city of Seattle, Wash., false and malicious statements that plaintiff was an insane stowaway, and did orally tell newspaper reporters who came on board the steamship of the Dollar Line for the purpose of interviewing plaintiff as a world renowned dramatic artist and to take her photograph for the newspapers, that plaintiff was a stowaway and insane, and tried to prevent said reporters from interviewing plaintiff, and held plaintiff in the custody of the Travelers' Aid Society and the defendant Margaret Hamilton until other passengers had left the steamship."

It is also alleged that the defendants and each of them entered into a combination, confederation, and conspiracy to degrade and injure the plaintiff by slandering her as an insane stowaway for the purpose of exposing

her to public hatred and deprive her of the benefit of public confidence and to injure her in her earning power, and in furtherance of the combination, confederation, etc., did cause the plaintiff to be unlawfully imprisoned and restrained of her liberty and did publish and cause to be published in the newspapers throughout the world that plaintiff was insane and a stowaway on the steamships Malolo and the President Taft.

The defendant Matson Navigation Company demurs to the complaint, for the reason that several causes of action are improperly united, that allegations do not affect all the parties defendant, and do not arise out of the same transaction, and are not separately stated; second, moves to strike the amended complaint for that it contains more than one alleged cause of action, which are not separately stated; without waiving the other motion to strike various portions of the amended complaint, to make more definite and certain, and, in the alternative, for a bill of particulars.

The defendant Lancaster moves to strike the amended complaint on the ground that it does not comply with the order of the court heretofore made upon challenge of the original complaint; not waiving the motion, moves to strike the amended complaint on the ground that the same contains more than one alleged cause of action, which are not separately stated; and without waiving, moves to require plaintiff to separately state each of the several causes of action therein contained; and not waiving the other motions, to require the plaintiff to make the complaint more definite and certain in setting out the act or acts of the imprisonment committed, and without waiving, for a bill of particulars.

The defendant Margaret Hamilton makes substantially the same motions, and, likewise, demurs to the amended complaint on the ground that the court has no jurisdiction over the person of the defendant; that plaintiff has no legal capacity to sue; that there is a defect of parties defendant; that several causes of action are improperly united, and not sufficient facts to sustain them.

The Dollar Steamship Lines challenge the complaint in substantially the same fashion.

■ A "conspiracy" is a combination of two or more persons by concert of action to do an unlawful thing, or a lawful thing in an unlawful manner. A conspiracy has to do with things to be brought about, and is a stranger to things which have passed. The steamship lines are distinct entities, as are,

likewise, the defendant persons. There is no statement of any collusive act or circumstance to plaintiff's voyage on the Malolo from Honolulu to Yokahama, which would lead to a conclusion of collusion, confederation, co-operation, or conspiracy to do the acts charged. There is nothing to indicate that the defendant Dollar Steamship Lines, or Lancaster, or Hamilton, knew anything of remotest fashion that plaintiff was employed, as stated, or discharged, or had sued as charged, or had been "shanghaied" at Honolulu, or of the imprisonment or treatment of the plaintiff on the steamship Malolo; nor did the allegations connect the alleged imprisonment or treatment of the plaintiff on the President Taft of the Dollar Steamship Lines to any act, or in consequence of any act of the Malolo of the Matson Line. The acts of each are separate and distinct and unrelated, save that when the Malolo reached Yokahama and the President Taft was about to debark, and the plaintiff was transferred from the Malolo to the President Taft.

There is nothing stated that indicates any act or relation other than usual connected service of transportation between the two steamship lines.. If there was wrongful imprisonment and mistreatment of plaintiff on the several steamships, the transactions are separate and each is responsible for its own act. One, however, is not liable for the other. Alaska S. S. Co. v. International Longshoremen's Association (D. C.) 236 F. 964; Robinson v. Van Hooser (C. C. A.) 196 F. 620; National Fireproofing Co. v. Mason Builders' Ass'n (C. C. A.) 169 F. 259, 26 L. R. A. (N. S.) 148; Motley, Green & Co. v. Detroit Steel & Spring Co. (C. C.) 161 F. 389; Lawlor v. Loewe (C. C. A.) 209 F. 721, clearly have no application to the instant issue. The mere statement that the parties conspired, or that there was conspiracy, is not enough. The stated conclusion must be predicated upon facts or circumstances showing that there was collusion, confederation, co-operation and related acts between the parties to carry out conjointly the unlawful enterprise, each to do necessary acts to effect the joint enterprise.

■ The injury, if any, to the plaintiff on the President Taft is separate and distinct from the injury on the steamship Malolo; and the two acts of conduct being distinct against different parties, may not be united in one cause of action.

There are therefore several causes of action improperly united, and there is, also, a misjoinder of parties. The plaintiff seeks re-

covery for injury sustained for assault and for wrongful imprisonment, for libel, and for slander and loss of earning power. The charge that there was injected into the plaintiff narcotics by means of hypodermic needle is "assault," it being unlawful touching of another without her consent. "Imprisonment" is restraint against the will; falsely inspiring the printing of a charge that plaintiff was insane, is "libel"; "imprisonment" deprives a person of liberty of action; "libel" humiliates a person and degrades one in the estimation of others and subjects a person to loss of social prestige. "Earning power" is reward for labor performed. "Slander" is falsely spoken words which are injurious to the reputation of another. Historically, there is a distinction between slander and libel. In libel, with perhaps some exceptions, defamatory matter is prima facie libelous, while the same matter, when spoken in certain cases, of which this is not one, requires allegations to support proof of special damages.

Each of the several items of alleged damage is a distinct cause of action and must be separately stated against the particular defendants involved in the same transaction. It follows that upon the face of the complaint, it appears that several causes of action are improperly united, do not involve all of the defendants in the same transaction. It is, likewise, obvious that a number of distinct causes of action which may involve some of the parties in the same transaction are not separately stated. The motions, therefore, to strike the second amended complaint because several causes of action are improperly united, not involving all of the defendants in the same transaction, must be granted; and the demurrers on the ground that there is a misjoinder of parties defendant must be sustained.

In view of the fact that further proceedings must be had, it is not necessary for the court to rule specifically upon the motions to separately state the several causes of action against the particular defendants which may be involved. The court has deemed it advisable, however, to set out the several items of distinct causes of action, to the end that the pleader be advised of the judicial conception of that issue.

Ordinarily I would have disposed of the issues herein without this memorandum. The circumstances appear to require a written statement, since plaintiff appears in propria persona. Attorneys filed the complaint, and the first amended complaint, challenges to the sufficiency thereof, the court disposed of. The attorneys who then appeared have withdrawn from the case as attorneys for the plaintiff.

On appearing in the court in the instant amended complaint, and it appearing that the plaintiff was not an attorney, she was advised that, if she had a cause, or causes, of action, they ought not to be jeopardized, and time was afforded to secure legal services. Later she appeared in court and stated that she was unable to obtain a lawyer and that she desired to present the case herself. I renew the suggestion that, if she has a cause, or causes, of action against either one or all of the defendants, she ought not to jeopardize her claim, but should secure assistance of counsel. The issues, as may be observed, are not simple, and the pleadings must afford a basis to support evidence which will be necessary to establish a claim, if there be one.

Thirty days will be granted to file an amended complaint. An order may be presented in harmony herewith.